986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lathan E. WILLEFORD, Defendant-Appellant.
 No. 92-5081.
 United States Court of Appeals, Tenth Circuit.
 Jan. 26, 1993.
 
 Before McKAY, Chief Circuit Judge, STEPHEN H. ANDERSON, Circuit Judge, and MECHEM, District Judge.[1]
 ORDER AND JUDGMENT[2]
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Lathan E. Willeford was convicted of conspiracy to distribute amphetamines. In this appeal, defendant asserts the court erred in denying his ineffective assistance of counsel claim filed pursuant to 28 U.S.C. § 2255 (1988). Defendant asserts his trial counsel rendered ineffective assistance because he failed to file a motion to suppress that would have excluded photographs taken inside defendant's warehouse.
 
 
 3
 The trial court conducted a hearing and heard evidence regarding defendant's claim. The court concluded that defendant's consent was not coerced, that defense counsel's representation was in fact adequate, and that in any event the evidence against defendant was so overwhelming that even if the photographs had been excluded, defendant was not prejudiced. Accordingly, the district court determined defendant's ineffective assistance of counsel claim was without merit. We affirm.
 
 
 4
 The record reveals that defendant purchased large quantities of precursor chemicals and equipment from Tulsa Scientific in Tulsa, Oklahoma. The defendant had discussed with a Tulsa Scientific employee the manufacturing of amphetamines and the difficulty of obtaining the precursor chemicals in Texas because of law enforcement surveillance. Law enforcement officers became aware of defendant's activities and followed him to his warehouse in Fort Worth, Texas. After watching him unload the chemicals, law enforcement officers confronted the defendant and requested consent to search the warehouse. Defendant initially commented that he would need to consult his attorney before agreeing to the search but subsequently gave his consent when law enforcement officers stated that he would be detained while a search warrant was obtained.
 
 
 5
 At trial, defense counsel argued that defendant was merely purchasing the precursor chemicals for resale purposes, and pointed out to the jury that there was nothing illegal about merely possessing the chemicals. Defendant relied heavily upon his consent to search the premises and his statement that he had nothing to hide as evidence that defendant's activities were above board.
 
 
 6
 Defendant argues that his consent was coerced and that in any event, the law enforcement officer's photographs of the interior of the warehouse exceeded the scope of his consent. Accordingly, defendant argues that defense counsel's determination not to file a motion to suppress constituted ineffective assistance of counsel.
 
 
 7
 To establish an ineffective assistance of counsel claim, defendant must demonstrate that counsel's representation was deficient and that but for the deficiency, there is a reasonable probability that the outcome of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687, 694 (1983).
 
 
 8
 After a thorough review of the record, we are satisfied that defendant's ineffective assistance of counsel claim is without merit. In this case, counsel's decision not to file a motion to suppress was consistent with the theory pursued at trial that defendant was doing nothing illegal. Moreover, under the circumstances of this case, it is far from clear that the motion would have been granted given defendant's written consent to search the premises. As defense counsel testified at the hearing on defendant's ineffective assistance of counsel claim:
 
 
 9
 There were a couple of different reasons for [the decision not to file a motion to suppress]. One is that if you examined or were aware of the evidence prior to trial, the videotaped purchases and the testimony at the trial would identify the same items seized in Fort Worth as the ones that were purchased in Tulsa, that the witnesses would be able to testify that these items were purchased from Tulsa. I believe also there were some invoices that were available that would come in to show that Mr. Willeford had purchased these items. The likelihood was that evidence was going to come in anyway that he had seized those items.
 
 
 10
 ............................................................
 
 
 11
 ....................
 
 
 12
 * * *
 
 
 13
 Secondly, the simple possession of these items was consistent with the innocence, maintaining that these were not illegal and that their possession, simple possession of those was consistent of [sic] that. He indicated to me that he voluntarily signed those consents to search.
 
 
 14
 (Tr. at 10). Under these circumstances, we hold that counsel's representation in this regard "[fell] within the wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and that defendant has failed to demonstrate how defense counsel's representation was deficient. We also are of the view that defendant has failed to demonstrate how he was prejudiced in this case. The evidence in this case against defendant was overwhelming. Even if the photographs had been excluded in this case, we are satisfied that there is no reasonable probability that the defendant would have been acquitted. Accordingly, we hold that defendant's ineffective assistance of counsel claim is without merit.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The Honorable Edwin L. Mechem, United States Senior District Judge for the District of New Mexico, sitting by designation
 
 
 [2]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3